UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARLOS HUMBERTO ESCOBAR MONTOYA,

Petitioner,

v.

KEVIN RAYCRAFT,

Respondent.
_______________________________/

Case No. 2:26-cv-13653

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER DISMISSING PETITION FOR HABEAS CORPUS [12] AND DENYING AS MOOT EMERGENCY MOTION TO PREVENT TRANSFER [11]**

Carlos Humberto Escobar Montoya, through his next friend, petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. Respondent moved to strike the habeas petition because Montoya may not proceed through his next friend. ECF No. 7. The Court granted Respondent's motion, struck the petition, and dismissed it without prejudice. ECF No. 9.

Montoya then timely refiled the instant petition for habeas corpus, ECF No. 12, and moved to prevent transfer from the Eastern District of Michigan, ECF No. 11. The Court ordered Respondent to respond to both the petition and motion. ECF No. 13. Respondent opposed both. ECF Nos. 14, 15. He argued that the petition should be dismissed for lack of jurisdiction, for failure to exhaust administrative remedies, and because the Immigration Court properly applied all procedures. ECF

No. 14. For the following reasons, the Court will dismiss Montoya's petition for a writ of habeas corpus and deny his emergency motion to prevent transfer as moot.

## BACKGROUND

Montoya is a citizen of Honduras who purportedly entered the United States illegally over twenty years ago. ECF No. 12, PageID.200. He is currently detained at the Monroe County Inmate Dormitory Facility in Monroe, Michigan. *Id.* at PageID.192. According to the petition, Montoya has two children who are United States citizens and has worked in the plumbing industry since he entered the country. *Id.* at PageID.200. Montoya has been convicted twice of driving while intoxicated. *See* ECF No. 14, PageID.222–223; *see also* ECF No. 12, PageID.201. First, in 2014, he was convicted of driving while intoxicated in Texas. ECF No. 8-2, PageID.154. He was transferred to Immigration and Customs Enforcement ("ICE") custody and was later released on bond from the Immigration Court. ECF No. 8-3. In 2023, the Immigration Court administratively closed Montoya's proceedings without prejudice pursuant to a joint motion to dismiss under 8 C.F.R. § 1239.2(c). ECF No. 8-4. Second, in 2024, Montoya was again convicted of driving while intoxicated. ECF No. 8-5, PageID.161. He reported that he completed probation in 2025. ECF No. 12, PageID.201.

On April 27, 2026, ICE detained Montoya following a traffic stop near Huntsville, Texas. ECF No. 8-5, PageID.159. ICE then reinstituted Montoya's removal proceedings and detained him. ECF No. 8-7. Montoya sought a custody redetermination through a bond hearing. ECF No. 8-8, PageID.167.

On September 1, 2026, the Immigration Court held a bond hearing in which it denied Montoya's request to be released. ECF Nos. 8-9, 8-10. The Court denied bond because it found that Montoya "failed to show he was not a danger or a flight risk" due to his two previous DWI convictions. ECF No. 8-10, PageID.174. Montoya declined to appeal the Immigration Judge's bond determination. ECF No. 8-9, PageID.171; ECF No. 12, PageID.202.

On October 19, 2026, the Immigration Court held an individual hearing in Montoya's immigration case. *See* ECF No. 8-11. According to the Government, Montoya was represented by counsel who submitted evidence in support of his request for cancelation of removal. ECF No. 14, PageID.225. The Court denied Montoya's request for cancelation of removal and ordered Montoya removed to Honduras. ECF No. 14-1, PageID.240–241. Montoya preserved his right to appeal, *id.* at PageID.242, and has until November 18, 2026, to appeal the decision. ECF No. 14, PageID.225 (citing EOIR Manual, Part II, § 5.2(b)); *see also* ECF No. 12, PageID.196 (explaining that an appeal was mailed to the Board of Immigration Appeals).

Montoya's petition included two grounds on which he challenged his detention. Both seem to challenge the legality and/or constitutionality of his detention before and after the bond determination. ECF No. 12, PageID.197. First, he challenged "the legality of his continued detention" pursuant to the Fifth Amendment right to due process. *Id.* Second, he challenged his "continued detention following denial" of bond after the September 1, 2026, hearing. *Id.*

## LEGAL STANDARD

A district court may grant a writ of habeas corpus if a petitioner's detention violates the Constitution or federal law. 28 U.S.C. § 2241. The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art. I, § 9, cl. 2). That provision includes challenges by noncitizens in immigration matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## DISCUSSION

The Court construes Montoya's petition as a challenge to the legality of his detention "in light of his circumstances, the passage of time, and the October 19, 2026, immigration decision." ECF No. 12, PageID.202. Though Montoya's petition invoked the Due Process Clause to the Fifth Amendment, nowhere in the petition did Montoya challenge the specific process or procedures surrounding his detention and bond determination. *See generally id.* Rather, as the Court understands the petition, he sought further review of the bond determination given his personal and familial characteristics, as well of a general "review" of the legality of his detention. *See id.* at PageID.197.

Before removal, the authority to detain a noncitizen is governed by 8 U.S.C. § 1226(a), which provides that, "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." Recently, the Sixth Circuit held that noncitizens

present in the country are entitled to an individualized bond hearing under § 1226. *Lopez-Campos v. Raycraft*, 175 F.4th 713, 735 (6th Cir. 2026).

Here, because Montoya was present in the United States when he was detained, the Government was required to afford Montoya an individualized bond hearing. As noted above, the bond hearing was held on September 1, 2026. ECF Nos. 8-9, 8-10. The Immigration Court denied Montoya bond due to his prior DWI convictions, as he failed to show that he was not a danger or flight risk. ECF No. 8-9, PageID.171.

Relying on 8 U.S.C. § 1226(e), Respondent primarily argued that the Court "lack[s] jurisdiction to review the immigration court's ultimate denial of petitioner's request for release on bond or the manner in which the immigration court weighed the evidence." ECF No. 14, PageID.227–228. Section 1226(e) provides that

> [t]he Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole.

More specifically, Respondent argued that the "plain language of the statute" stripped district courts of jurisdiction to "review the immigration court's ultimate denial of petitioner's request for release on bond or the manner in which the immigration court weighed the evidence." ECF No. 14, PageID.227.

The Court agrees. To the extent Montoya challenged the Immigration Court's decision and how the judge there weighed the evidence in its determination, the Court here lacks jurisdiction to consider the petition and must dismiss it. *See De Leon Trejo*

*v. Bullock*, No. 26-5186, 2026 WL 2057094, at *2 (6th Cir. May 14, 2026) (explaining the court lacked jurisdiction under 8 U.S.C. § 1226(e) to review the immigration judge's discretionary detention decision). It is clear that the Court cannot review such a discretionary decision. Section 1226(e) expressly strips district courts of that ability.

The jurisdiction stripping statute is likely not absolute. *See id.* at *2 (noting that the Court can "review whether the bond hearing itself satisfied the Fifth Amendment's guarantee of procedural due process."); *see also A.A.R.P. v. Trump*, 145 S. Ct. 1364, 1368 (2025) (per curiam) (recognizing that the Fifth Amendment's due process clause applies in immigration proceedings). And though the Court need not decide the precise scope of § 1226(e) in this case, it notes that many district courts in the Sixth Circuit have found § 1226(e) to be inapplicable in immigration proceedings where the petitioner challenges "the statutory framework itself." *See Acosta v. Raycraft*, No. 26-13010, 2026 U.S. Dist. LEXIS 239100, at *8–9 (E.D. Mich. Oct. 20, 2026) (collecting cases).

The difference here is that Montoya did not challenge the constitutionality of the statutory framework itself or the process he received from the Immigration Court. The gravamen of the petition seeks a general review of the legality of his detention. To be sure, Montoya invoked the Fifth Amendment's Due Process Clause. *See* ECF No. 12, PageID.197. But the petition vaguely stated that the "claim instead concerns whether continued detention remains constitutionally justified in light of his circumstances, the passage of time, and the October 19, 2026 immigration decision." *Id.* at PageID.202. What is more, the request for relief asked the Court to "review the

statutory and constitutional basis of his continued physical detention, taking account of the September 1, 2026 bond determination, the October 19 immigration decision and intended BIA appeal, his individual circumstances, and the Fifth Amendment liberty interest at stake." *Id.* at PageID.203.

Though the Court affords Montoya leniency in construing his pro se petition, *see Brent v. Wayne Cnty. Dep't of Hum. Servs.*, 901 F.3d 656, 676 (6th Cir. 2018), the Court cannot say that Montoya is challenging anything other than his detention generally, rather than specific, process-oriented constitutional defects. The petition focused on the ultimate outcome that Montoya was denied bond. And as noted above, it is clear that the Court does not have jurisdiction to review that discretionary determination.[1] At bottom, Montoya's opportunity to challenge the Immigration Court's bond decision was through an appeal to the Board of Immigration Appeals, not this Court. *See De Leon Trejo*, 2026 WL 2057094, at *2 (noting that challenges to the Immigration Court's discretionary determinations must be brought to the Board of Immigration Appeals); 8 C.F.R. § 1236.1(d)(3).

[1] Even if Montoya did challenge the process afforded to him at the bond hearing, the Court notes, without deciding, that it appears Montoya received sufficient process. "In the setting of preremoval bond, a meaningful hearing must involve consideration of the alien's risk of flight and danger to property or persons." *De Leon Trejo*, 2026 WL 2057094, at *2 (first citing *Johnson v. Guzman Chavez*, 594 U.S. 523, 527 (2021); and then citing 8 CFR § 1236.1(c)(8)). Montoya was represented at a hearing at which he had the opportunity to challenge the Government's evidence and offer his own. *See* ECF No. 8-9, PageID.169. By all indications, Montoya was able to present his case and rebut the Government's evidence as to whether he is a danger and/or flight risk. Without a more specific argument regarding a constitutionally defective process, the Court will not decide the issue.

Finally, Montoya's argument that the October 19 decision to deny his cancellation of removal request and his intent to appeal that decision affect the legality of his current confinement also falls short. *See* ECF No. 12, PageID.202 ("The October 19, 2026 removal order may affect the statutory basis for detention, including whether 8 U.S.C. § 1226 or § 1231 applies."). As noted above, Montoya can challenge the decision through an appeal to the Board of Immigration Appeals. And if Montoya does not appeal, then the decision will become final. *See* 8 CFR § 1003.39. As the Government correctly noted, once the decision becomes "administratively final," the removal period begins, *see* 8 U.S.C. § 1231(a)(1)(B)(i), and Montoya will be subject to mandatory detention, *see* 8 U.S.C. § 1231(a)(2); *Zadvydas*, 533 U.S. at 683. Accordingly, Montoya's current detention appears lawful pursuant to 8 U.S.C. § 1226, and any mandatory detention from the denial of his cancellation of removal request has not yet commenced.

Because the Court lacks jurisdiction to entertain Montoya's petition challenging a bond determination, the Court need not address Respondent's other arguments as to administrative exhaustion or the merits of the Immigration Court's bond determination.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the petition for a writ of habeas corpus [12] is **DISMISSED**.

**IT IS FURTHER ORDERED** that the emergency motion to prevent transfer [11] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the motion for extension of time [10] is **DENIED AS MOOT**.

This is a final order that closes the case.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: November 18, 2026